# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: 2:21-cv-02584-SB (JCx) | Date: 6/04/2021 |
|---|---|

| Title: *Mo Rahman v. FCA US LLC, et al.* |
|---|

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 20]**

This lemon law case was removed from Los Angeles County Superior Court on March 25, 2021. (Not. of Removal, Dkt. No. 1.) Defendant asserts that removal is proper based on diversity jurisdiction. (*Id.*) On May 10, 2021, Plaintiff moved to remand this case. (Mot., Dkt. No. 20-2.) He does not contest the existence of complete diversity. However, he maintains that removal was improper because Defendant has failed to establish that the amount in controversy exceeds the statutory bar of $75,000. The Court finds this matter suitable for decision without oral argument, Fed. R. Civ. P. 78(b), Local Rule 7-15, and **DENIES** the motion for the reasons below.

## I.     BACKGROUND

Plaintiff purchased a 2016 Jeep Grand Cherokee (Vehicle) from Glenn E. Thomas Dodge Chrysler Jeep for $30,657.60 on or around June 20, 2016. (Second Amended Compl. (SAC) ¶ 9, Dkt. No. 1-4.) Plaintiff received an express written warranty for his Vehicle. (*Id.* ¶ 10.) During the warranty period, Plaintiff

experienced numerous electrical and mechanical problems that impaired the use, value, and safety of the Vehicle.  (*Id.* ¶¶ 11, 16-23.)  Plaintiff has presented the Vehicle for service on several occasions, but Defendant has been unable to service or repair the Vehicle to conform with the applicable express and implied warranties.  (*Id.* ¶¶ 25, 31, 39, 45.)  On these facts, Plaintiff's SAC brings five claims for relief for breach of the implied warranty of merchantability and breach of express warranty under the Song-Beverley Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.* (Song-Beverly).

## II.    **<u>LEGAL STANDARD</u>**

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  If removal is based on diversity jurisdiction, *id*. § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The removing party bears the burden of proof.  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant").  In attempting to discharge this burden, the removing party must remember that there is a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (relying on this "strong presumption" in evaluating the dearth of evidence adduced by the removing party) (internal quotation omitted).  Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. at 566.

When assessing a dispute over the amount in controversy, courts look to whether the removing defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").  "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Owens*, 574 U.S. at 89.

# III.  DISCUSSION

Plaintiff does not assert that the amount in controversy is less than $75,000 as a matter of fact.  On the contrary, he expressly refuses to make any such factual statement, noting at the outset that he "is not taking any position here on the total amount of damages recoverable in this case," and that his motion "is based on Defendant's failure to meet its burden of proof for invoking this Court's jurisdiction."  (Mot. at 1 n.1.)  In his motion, Plaintiff offers several arguments why Defendant purportedly has not met its burden.  The Court addresses each in turn.

## A.  **Plaintiff's Damages**

In his SAC, Plaintiff alleges that his damages are "not less than $25,001.00." (SAC ¶ 12.)  Plaintiff asserts that his damages are too vague to allow Defendant to extrapolate the amount in controversy without speculating.  (Mot. at 5-10.)  First, Plaintiff contends that his use of the word "damages" is meant to be all-inclusive. Stated differently, his "damages" include:  actual damages, civil penalties, attorney's fees, and punitive damages.  (*Id.* at 6.)  To support this assertion, Plaintiff cites cases such as *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) (drawing inference that "damages" of $25,001 were total damages).  This creative argument is unpersuasive.  As the Ninth Circuit has held:

> It is beyond peradventure that damages are distinct from penalties.
> The term "damages" refers to the loss suffered by an injured party
> expressed in a dollar amount. Unlike damages, penalties are not
> designed to compensate an injured party, but are designed to deter
> conduct deemed undesirable by the legislature.

*Washington Cnty. Unified Sewerage Agency v. First State Ins. Co.*, 81 F.3d 171 (9th Cir. 1996) (quoting *Travelers Ins. Co. v. Waltham Indus. Lab.*, 722 F.Supp. 814, 827-28 (D. Mass. 1988), *aff'd in part, rev'd in part on other grounds,* 833 F.2d 1092, 1099 (1st Cir. 1989) (internal citation omitted)).  There is no reason to conclude that California courts would find differently.  *See Kirzhner v. Mercedes-Benz USA, LLC*, 9 Cal. 5th 966, 984 (2020) ("The [Song-Beverly] Act does not indicate that a buyer may recover only civil penalties—and not damages").  In any event, even if Plaintiff intended to use damages more broadly, his complaint sets forth a *minimum* rather than a maximum amount of claimed damages—an amount clearly intended to simply invoke the unlimited jurisdiction of the state trial court.

*See* Cal. Civ. Code Proc. §§ 85, 88 (defining unlimited jurisdiction to include actions in which the amount in controversy exceeds $25,000).

Next, Plaintiff argues that Defendant's actual damages calculation of $25,636.95 is "completely speculat[ive]." (Mot. at 7.) Plaintiff cites several cases to suggest that information such as purchase price, finance details, and miles driven is necessary to establish damages. (*Id.* at 8 (collecting cases).) But Defendant has produced such information here. To start, Plaintiff's SAC provides the purchase price of the Vehicle: $30,657.60. (SAC ¶ 9.) Defendant further shows its math in the Notice of Removal and supporting documents: Plaintiff financed $25,636.95 at an annual interest rate of 5.99%, equaling a monthly payment of $425.00 over 72 months. (*See* Decl. of Eric D. Sentlinger ¶¶ 15-25, Ex. I, Dkt. Nos. 1-1, 1-10.) These figures leave no guesswork to be done. *See Coronel v. Ford Motor Co.*, No. CV 19-09841 DSF (JEM), 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) (citation omitted).

## B.      Civil Penalties

Civil penalties under Song-Beverly are properly included in the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)). Plaintiff argues that although Song-Beverly permits up to a two-time civil penalty, Defendant has offered no evidence that he is entitled to the maximum penalty "or, indeed, any penalties at all." (Mot. at 10 (emphasis omitted).) This argument is contradicted by the allegations in the SAC that Defendant's conduct was willful. Moreover, Defendant is not required to prove the case against itself. As another court in this district recently held:

> It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will "den[y] that it willfully failed to comply with the Song-Beverly."

*Brooks v. Ford Motor Co.*, No. CV 20-302 DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020). Indeed, as in *Brooks*, Plaintiff here alleges that Defendant willfully and intentionally failed to comply with Song-Beverly. (SAC ¶¶ 27, 34, 37, 41.) Accordingly, "[t]he Court will consider civil penalties." *Brooks*, 2020 WL 2731830 at *2.

## C.     Mileage Offset

Plaintiff argues that Defendant's failure to mention the "mileage offset" under Cal. Civ. Code § 1793.2(d)(2)(C) makes the amount in controversy inherently speculative.  (Mot. at 8-10.)  However, Defendant is not required to definitively prove the entitlement to an offset to remove the case; rather, it is only required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Owens*, 574 U.S. at 89.  "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover," not the amount a plaintiff is likely to recover.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2018) (emphasis in original).  Even if Plaintiff was entitled to an offset, it would require an unlikely inference that the amount in controversy would not be met, particularly in light of the attorneys' fees that Plaintiff would be awarded should he prevail on his Song-Beverly claims.

## D.     Attorneys' Fees

"[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  The Court may rely on its "expertise in evaluating litigation expenses" to determine if a defendant has satisfied its burden "to prove future attorneys' fees by a preponderance of the evidence." *Id.* at 796.

Plaintiff does not contend that attorneys' fees are not available under Song-Beverly, but instead contends that the Court should not consider attorneys' fees in this case because the amount is simply too speculative.  (Mot. at 12-14.)  Not so. Defendant submits a declaration that includes a fee request of more than $40,000 in a similar case involving Plaintiff's counsel.  (*See* Decl. of Eric D. Sentlinger ¶ 3, Ex. A, Dkt. No. 26-1.)  Attorneys from Plaintiff's counsel's firm charge hourly rates between $430 and $525 per hour.  (*Id.*)  While Plaintiff contends the Defendant merely speculates about the litigation strategy in this case, the likelihood of a substantial fee request is not speculative given the very active litigation in this action before (and now after) removal.  (*See generally* Decl. of Eric D. Sentlinger, Exs. J-VV, Dkt. Nos. 1-11–1-49.)  Defendant has met its burden to show that inclusive of attorneys' fees the amount in controversy more likely than not exceeds $75,000.

# IV.   CONCLUSION

For the foregoing reasons, Defendant has met its burden to show that the amount in controversy in this action exceeds $75,000.  The motion is **DENIED**.