UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-02584-SB-JC | Date: | March 2, 2022 |
|---|---|---|---|

| Title: | *Mo Rahman v. FCA US LLC et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER TO SHOW CAUSE

On February 28, 2022, Plaintiff filed a motion for attorney's fees. Dkt. No. 45. In his notice of the motion, Dkt. No. 46, Plaintiff concedes that he did not comply with Local Rule 7-3, which requires parties to meet and confer "at least seven (7) days prior to the filing of a motion." Plaintiff and Defendant conferred by videoconference on February 28, 2022—the same day Plaintiff filed his motion. Notice at i n.1. Plaintiff states that he filed his motion without complying with the Local Rule because the deadline to file his motion was March 1, 2022, thus he could not wait until seven days after the conference on February 28, 2022. But Plaintiff provides no explanation for why he waited until the eleventh hour to arrange a conference.

This unexplained delay is another in a series that have occurred in this matter. The parties first filed a notice of settlement on September 23, 2021. Dkt. No. 33. The next day, the Court ordered the parties to show cause why the action should not be dismissed on November 19, 2021. Dkt. No. 34. The parties each filed status reports the week prior to the November 19, 2021, hearing indicating that the settlement would be fully executed within 60 to 90 days. Dkt. Nos. 35, 37.

In its status report, Defendant noted that it "invite[d] a conferral with plaintiff's counsel as to any claim for reasonable fees and costs." Dkt. No. 35, at 2. In response to the parties' status reports, the Court issued an order dismissing the action without prejudice for 90 days on November 16, 2021. Dkt. No. 38. The dismissal explicitly converted to one with prejudice on the 91st day: February 15, 2022. *Id*. On February 16, 2022, after this action converted to a dismissal with prejudice, the parties filed a joint stipulation to continue the Court's jurisdiction over the settlement for another 90 days. Dkt. No. 42. The Court denied the parties' request for several reasons: (1) the request was untimely, (2) the parties failed to demonstrate good cause because they had not been diligent in completing the settlement, and (3) the parties did not move for relief from the Court's dismissal order. Dkt. No. 43, at 1–2.

Plaintiff has had 160 days since the parties first filed a notice of settlement—and 106 days since entry of the Court's dismissal order—to resolve this matter. He knew about the Local Rule requirements and the deadline for filing his motion but inexplicably placed himself in a position of not being able to comply with both, on an issue where a good-faith meet and confer would be particularly useful.

IT IS HEREBY ORDERED that Plaintiff is to show cause at a hearing on **March 11, 2022, at 8:30 a.m.** in Courtroom 6C why his motion for attorney's fees and costs should not be stricken for failing to comply with Local Rule 7-3. In the interim, the parties are ordered to meet and confer in good faith on the merits of Plaintiff's motion. Plaintiff shall file a written response to this OSC, addressing the OSC *and* detailing the parties' meet and confer efforts, **by no later than March 10, 2022, at 9:00 a.m**.

**IT IS SO ORDERED**.